Grace L. MARTIN, Appellant,

v.

William E. FRANCIS, Appellee.

Court of Appeals of Kentucky.

March 25, 1955.

# 3

Grover C. Thompson, Lexington, for appellant.

Robert H. Hays, Lexington, for appellee.

MOREMEN, Justice.

This is an appeal from a judgment of the Fayette Circuit Court, entered under CR 12.02, which held that appellant's petition, as amended, did not state a claim against appellee, William E. Francis, upon which relief could properly be granted.

On August 3, 1946, appellant, Grace L. Martin, leased to Mrs. E. M. Glass, trading as Commercial Printing Co., Inc., premises known as 418–420 West Main Street in Lexington. The lessee, Mrs. Glass, agreed to pay as rent for a term of five years the sum of $500 per month. Kemper Glass, Raymond W. Glass and Faulkner Glass signed the lease as sureties for their mother and as such sureties became liable to appellant for the payment of the rent.

The lease contained an option to the lessee by which the term might be extended for an additional five years after October 1, 1951, at an increase of rental to $600 per month and, on June 7, 1951, Mrs. Glass, Faulkner Glass and appellee, William E. Francis, delivered to appellant a writing wherein the option was exercised.

The lease also contained a provision whereby it could be assigned or sublet, but only with the written consent of the lessor.

After the renewal, the rent was paid for several months when the lessee defaulted so that on March 10, 1952, appellant caused a distress warrant to be issued and levied upon personal property situate on the premises. Later a second distress warrant was issued and levied and this time the Commercial Printing Co., Inc., was joined as a party

defendant. Concerning this procedure, appellant made the allegation that she did not approve or ratify the attempted transfer of said lease to any of the co-tenants mentioned in the distress warrant or to Commercial Printing Co., Inc. and specifically averred that appellant "does not, by such procedure, waive any of her rights against said tenant, Mrs. E. M. Glass, under said original and renewed or extended lease."

In the second paragraph of her petition appellant pleaded that on about June 1, 1951, Mrs. Glass attempted to transfer her leasehold interest to Faulkner Glass and appellee William E. Francis but that she did not consent to such attempted transfer and assignment. The distress warrant of March 10, 1952, referred to above, named as defendants Mrs. Glass, individually and trading as Commercial Printing Co., Inc., her sons, and William E. Francis. The distress warrant of April 4, 1952, named the same parties and, as we have stated, added Commercial Printing Co., Inc.

By the petition, as amended, appellant sought to recover from appellee Francis and other defendants accrued rent and other damages which she believed she had suffered because of the transaction.

The sole appellee here is William E. Francis and it is the failure of the trial court to enter judgment against him that has stimulated this appeal.

The appellant on this appeal asserts that appellee, William E. Francis, is one of the assignees of the lease and is, therefore, liable for past due and future rentals under the extended lease, and cites many cases in support of the proposition that an assignee of a lease becomes liable for payment of rent. However, the assumption that appellee is an assignee of the lease, as extended, is in direct conflict with the allegations of the petition, as amended, which show that appellant never recognized that appellee had any rights at all under the lease. She specifically alleges that under this lease, which might be assigned by its terms only with the written consent of the lessor, she did not consent

**4**

to the transfer of the lease by Mrs. Glass to other persons.

Under the circumstances of this case as determined from the facts alleged in the petition, as amended, we believe the court had no alternative other than to enter judgment in favor of appellee.

Judgment affirmed.